Carl Wescott
PO Box 190875
San Francisco, CA 94966
*in propria persona*
+1 415 335 5000

FILED
MAR 28 2018
SUSAN Y. SOONG
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISON

| | |
|---|---|
| Carl "Kalle" Wescott, | ) Case Number 4:17-cv-06271-DMR  (07371) |
| Plaintiff | ) |
| -------------------- versus -------------------- | ) **CASE MANAGEMENT STATEMENT** |
| Darrell Bushnell and | ) |
| Amy Bushnell | ) <u>Case Management Hearing:</u> |
| Defendants | ) April 4th, 2018, 1:30 pm, 2018 |

Pursuant to standing Order of this Court Plaintiff Carl Wescott, proceeding *pro se*, makes the following initial Case Management Statement:

One threshold issue is that the Plaintiff has a 2 pm hearing on April 4th, 2018 in Wescott versus Harris (San Francisco District Court, a Motion to Dismiss), and thus while the Plaintiff plans to attend all future hearings in person if possible, the Plaintiff plans to arrange a telephonic appearance for the case management hearing.

1. <u>Basis of Jurisdiction</u>

This Court has jurisdiction pursuant to 28 USC 1332, there being diversity of citizenship and the amount in controversy exceeding $75,000 exclusive of fees and costs.

INITIAL CASE MANAGEMENT STATEMENT

2. <u>Service of Complaint</u>

The Defendants have not been served yet.

3. <u>Facts</u>

This case is about the Defendants' two contracts to purchase lots and condos at Seaside Mariana, and what has happened after that. The Defendants signed contracts to arbitrate any dispute. Ignoring that provision, they filed a lawsuit and obtained a default judgment, which they used to get a lien on the subject property.

The Plaintiff was in contract to purchase said property, but the Defendants' wrongful lien is preventing the purchase, generating damages to Plaintiff. The Plaintiff has also been assigned the legal rights of Seaside Mariana, that has also been damaged by the wrongful conduct.

4. <u>Legal Issues</u>

The Plaintiff has alleged breach of contract, intentional interference with prospective economic relations, and negligent interference with business relations.

5. <u>Motions</u>

There has been no Motion Practice to date. At an appropriate time, the Plaintiff intends to file a Motion for Summary Judgment given that the underlying facts are not subject to in dispute.

INITIAL CASE MANAGEMENT STATEMENT

6. <u>Amendments</u>

The Honorable Judge Donna Ryu, in a sua sponte review, was kind enough to point out deficiencies in the complaint. The Plaintiff amended his complaint and believes that he has cured those deficiencies.

7. <u>Preservation of Evidence</u>

The submitting party, Carl "Kalle" Wescott, *pro per*, has reviewed the Guidelines for the Discovery of Electronically Stored Evidence and agrees to abide by same.

8. <u>Initial Disclosures</u>

The Parties have not yet exchanged 26.1 initial disclosures.

9. <u>Discovery</u>

A. <u>Witnesses</u>

(a) Wescott, the Plaintiff, is expected to testify as to his purchase agreement and the Defendants' wrongful lien blocking his purchase.

(b) The Bushnells, Defendants, are expected to testify about their contract and their decision to breach their contract and sue Seasside Mariana rather than to arbitrate as their contract required.

(c) Kevin Fleming and/or Maria Rueda, the owners of Seaside Mariana, are expected to testify as to the underlying facts prior to Wescott's involvement.

(d) There are other potential witnesses that the Plaintiff is currently contacting.

INITIAL CASE MANAGEMENT STATEMENT                                    3

 (e) It is likely that the Plaintiff will bring in one or more expert witnesses to testify in connection with the current value of the land and the economic opportunity to develop it.

 **B.** **Documents**

 (a) The two Bushnell purchase agreements.

 (b) The Wescott purchase agreement.

 (c) Email correspondence between the parties;

 (d) Relevant email correspondence of third parties relating to the underlying transactions;

 (e) Closing documents relating to sales transactions for the project;

10. <u>Class Action</u>

Not applicable.

11. <u>Related Cases</u>

There are no related cases to Plaintiff's knowledge. However, there is another party in the same situation as the Bushnells, and the Plaintiff is planning to file a complaint in their case very soon, so there will be one related case shortly.

12. <u>Relief Sought</u>

The Plaintiff seeks damages, and also injunctive relief to get the Bushnells to remove their wrongful lien.

INITIAL CASE MANAGEMENT STATEMENT 4

13. <u>Settlement & Alternative Dispute Resolution</u>

There have been no settlement discussions to date.

14. <u>Consent to Have a Magistrate Judge Hear the Case</u>

The Plaintiff would consider and has consented to have a Magistrate Judge hear this case.

15. <u>Other References</u>

Plaintiff believes this to be inapplicable.

16. <u>Narrowing Issues</u>

The Plaintiff believes that the issues in this case are fundamentally straightforward.

17. <u>Expedited Trial Procedure</u>

The Plaintiff would be in favor of any expedited procedure that does not sacrifice the presentation and preservation of complex evidence.

18. <u>Scheduling</u>

The Plaintiff is pleased to have this matter scheduled at the convenience of the Court. At this point, the Plaintiff is hopeful that we can have our trial in the first half of 2019.

19.  Trial

The Plaintiff has demanded a trial by jury. The Plaintiff believes that the case can be tried within three days, with the belief that there is essentially no defense that could possibly be pled to most or all of these counts.

20.  Disclosure of Non-Party Interested Persons or Entities

The Plaintiff is unaware of such an interested non-party.

21.  Other Matters

None at this point.

RESPECTFULLY SUBMITTED.

Date: MARCH 26TH, 2018

_____
Carl "Kalle" Wescott. *Pro Sez*