UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL "KALLE" WESCOTT,<br>Plaintiff,<br>v.<br>DARRELL BUSHNELL, et al.,<br>Defendants. | Case No. 17-cv-07371-DMR<br><br>**REQUEST FOR REASSIGNMENT TO DISTRICT JUDGE AND REPORT AND RECOMMENDATION TO DISMISS COMPLAINT**<br><br>Re: Dkt. No. 1 |

On December 29, 2017, pro se Plaintiff Carl Alexander Wescott filed a complaint and application to proceed *in forma pauperis* ("IFP Application") [Docket Nos. 1 and 2]. The court granted the IFP application, screened the complaint pursuant to 28 U.S.C. § 1915(e), found that it was not viable, and granted leave to file an amended complaint by February 9, 2018. Order Granting IFP and Screening Complaint Pursuant to 28 U.S.C. § 1915(e) ("Screening Order") [Docket No. 6]. Mr. Wescott filed an amended complaint on February 23, 2018, without explaining why it was late. [Docket No. 8]. In the interest of justice, the court accepts the late-filed amended complaint and screens the amended complaint pursuant to 28 U.S.C. § 1915(e). The court finds that it is not viable for the reasons discussed below, and also finds that certain defects likely cannot be cured through further amendment.

Although Mr. Wescott filed a consent to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c), the defendants have not. The court requests that this case be reassigned to a District Judge, and issues this Report and Recommendation, with a recommendation that the complaint be dismissed for lack of jurisdiction and improper venue.

**I.     BACKGROUND**

Mr. Wescott's action arises out of his unsuccessful efforts to develop Seaside Mariana, a

residential subdivision in Nicaragua that he purchased from Seaside Mariana Spa and Golf Resort, SA.

The facts in the amended complaint are virtually identical to those in the original complaint. According to the amended complaint, Mr. Wescott is an experienced international real estate developer and consultant who created a team of lenders, appraisers, and engineering experts in San Francisco, California called the "Turnaround Team," to "inject[] equity into promising, but troubled projects such as Seaside Mariana." FAC, ¶ 11. Defendants Darrell Bushnell and Amy Bushnell, who are husband and wife, entered into two agreements with Seaside Mariana Spa and Golf Resort in 2006 and 2007 to purchase some condominiums and lots in Seaside Mariana. FAC, ¶ 13; Nicaragua Developments S.A. Offer to Purchase Between: Seaside Mariana Spa & Golf Resort S.A. and Darrell Bushnell and Amy Bushnell ("2007 Agreement") (Ex. A) to Compl.; Nicaragua Developments S.A. Promise of Sale Between Seaside Mariana Spa & Golf Resort S.A. (Vendor) and Pensco Trust Company Custodian FBO Darrell Bushnell IRA BU1DX (Purchaser) ("2006 Agreement") (Ex. B) to Compl.[1]

The 2006 and 2007 Agreements contain arbitration clauses that required the Bushnells to arbitrate any disputes arising out of the agreements. Section 6.12 of 2007 Agreement at 17; Section 7.12 of 2006 Agreement at 12; FAC, ¶ 14. A dispute later arose between the Bushnells and Seaside Mariana Spa and Golf Resort. FAC, ¶ 16. Instead of arbitrating the disputes, the Bushnells filed a lawsuit against Seaside Mariana Spa and Golf Resort in a Nicaraguan court in 2013 and obtained a default judgment. *Id.*, ¶ 17. The Bushnells then used the default judgment to file an allegedly wrongful lien or "Libertad De Gravamen" against the entire Seaside Mariana property, which was published in California. *Id.*, ¶¶ 7, 18, 24; Libertad De Gravamen (Ex. C) to Compl.[2]

---

[1] Because the 2006 and 2007 Agreements are not attached to the amended complaint, the court relies on the copies of the 2006 and 2007 Agreements that are attached as Exhibits A and B to the original complaint.

[2] Because the Libertad De Gravamen is not attached to the amended complaint, the court relies on the copy of the Libertad De Gravamen that is attached as Exhibit C to the original complaint.

Mr. Wescott alleges that he has a signed purchase agreement to purchase the entire Seaside Mariana property from Seaside Mariana Spa and Golf Resort.[3] FAC, ¶ 9. In December 2017, he obtained an assignment of Seaside Mariana Spa and Golf Resort's contractual rights against the Bushnells, including any claim for breach of contract. Mr. Wescott alleges that the assignment was updated in February 2018. FAC, ¶ 23. Attached as Exhibit D to the amended complaint is an unsigned, undated document entitled, "Assignment of Contractual Rights," which Mr. Wescott represents is a true and correct copy of the Assignment of Seaside Mariana Spa and Golf Resort's contractual rights.

Due to the existence of the lien and default judgment against the property, Mr. Wescott has been unable to complete his purchase of Seaside Mariana. *Id*., ¶ 19. As result, he has suffered an unspecified sum of damages.

In 2017 and 2018, Mr. Wescott repeatedly contacted the Bushnells by telephone and e-mail, demanding that they vacate the judgment and withdrew the lien. *Id*., ¶ 20. In one of the e-mails to the Bushnells, Mr. Wescott explained the nature of his business, "including the extent of his own California business activities" such as the Turnaround Team, and the wrongful nature of the judgment and the lien, "which they caused to be published in California." *Id*., ¶ 24. In an October 2017 telephone call, Mr. Bushnell acknowledged the potential problems with the judgment and lien and the resulting damages to Mr. Wescott's Turnaround Team and his team's initiatives. *Id*., ¶ 25. The Bushnells nevertheless refused to vacate the judgment or withdraw the lien, prompting the instant lawsuit. *Id*. ¶¶ 12, 20, 25.

On December 29, 2017, Mr. Wescott filed this action against the Bushnells, alleging breach of the 2006 and 2007 Agreements based on their failure to arbitrate their dispute with Seaside Mariana Golf and Spa Resort as well as slander of title.

On January 26, 2018, the court granted the IFP application, and screened the complaint pursuant to 28 U.S.C. § 1915(e). The court found that the complaint was not viable for several

---

[3] Mr. Wescott did not attach a copy of this purchase agreement. FAC, ¶ 9. Instead, the amended complaint "confirms" "[u]nder penalty of perjury" that Mr. Wescott "has a valid signed purchase contract to purchase all of the remaining lots and lands of Seaside Mariana." *Id*.

3

reasons, and granted leave to amend to address the pleading deficiencies. Screening Order at 8.

On February 23, 2018, Mr. Wescott filed an amended complaint against the Bushnells, alleging three claims: 1) breach of contract; 2) intentional interference with prospective economic relations; and 3) negligent interference with business relations. [Docket No. 8].

For the reasons discussed below, the court finds that the amended complaint does not address the pleading deficiencies identified in the Screening Order and recommends that the district court dismiss the action due to lack of jurisdiction as well as improper venue.

## II.     DISCUSSION

### A.     Legal Standards Governing Review of the Amended Complaint

The court has a continuing duty to dismiss a case filed without the payment of the filing fee under 28 U.S.C. § 1915(a) whenever it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). To make thisdetermination, courts assess whether there is an arguable factual and legal basis for the asserted wrong, "however inartfully pleaded." *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984). Courts have the authority to dismiss complaints founded on "wholly fanciful" factual allegations for lack of subject matter jurisdiction. *Id.* at 1228. A court can also dismiss a complaint where it is based solely on conclusory statements, naked assertions without any factual basis, or allegations that are not plausible on their face. *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009); *see also Erickson v. Pardus*, 551 U.S. 89 (2007) (per curiam).

Although pro se pleadings are liberally construed and held to a less stringent standard than those drafted by lawyers, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554 (2007); *see also* Fed. R. Civ. P. 12(b)(6). "[A] district court should not dismiss a pro se complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (quotations omitted).

### B.     Federal Subject Matter Jurisdiction

In the original complaint, Mr. Wescott asserted federal diversity jurisdiction. Compl., ¶ 6. The court found that the complaint did not adequately plead federal diversity jurisdiction because it only alleged the parties' states of residence, rather than domicile, which defines citizenship for purposes of federal diversity jurisdiction. Screening Order at 4; Compl., ¶¶ 1-3 (alleging that Mr. Wescott is a resident of California and the Bushnells are American citizens residing in Nicaragua). In the amended complaint, Mr. Wescott continues to allege diversity as the sole basis for federal subject matter jurisdiction. FAC, ¶ 6.

Federal courts have diversity jurisdiction where (1) opposing parties are citizens of different states and (2) the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). "[A] party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties" on the face of the complaint in order to confirm that all parties are diverse. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). For the purposes of diversity jurisdiction, the citizenship of an individual is "determined by [his] state of domicile, not [his] state of residence." *Kanter*, 265 F.3d at 857. "A person's domicile is [his] permanent home, where []he resides with the intention to remain or to which []he intends to return." *Id*. (citing *Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986)). "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." *Kanter*, 265 F.3d at 857 (citation and internal quotation marks omitted).

The amended complaint alleges the Bushnells' domicile (South Carolina), FAC, ¶ 2, but does not allege Mr. Wescott's domicile. The amended complaint only alleges that California is Mr. Wescott's state of residence. FAC, ¶ 1 ("The Plaintiff is an individual who is in San Francisco, California."); Compl., ¶ 1 (same). As discussed in the Screening Order, Mr. Wescott must allege his domicile, because that is what determines an individual's citizenship for the purposes of federal diversity jurisdiction. *Kanter*, 265 F.3d at 857. Given that the amended complaint still does not adequately plead a basis for diversity jurisdiction, it should be dismissed on that basis. It is possible that this deficiency could be addressed through further amendment, even though Mr. Wescott failed to do so in the most recent amendment. However, as discussed

below, the amended complaint has other deficiencies that are not correctable.

### C. Personal Jurisdiction

In order to bring a viable lawsuit, Mr. Wescott must establish that this court has personal jurisdiction over Darrell Bushnell and Amy Bushnell.

"Federal courts ordinarily follow state law in determining the bounds of their jurisdiction over persons." *Daimler AG v. Bauman*, 134 S. Ct. 746, 753 (2014). Where "there is no applicable federal statute governing personal jurisdiction, the law of the state in which the district court sits applies." *Harris Rutsky & Co. Ins. Servs. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1129 (9th Cir. 2003) (citations omitted). Personal jurisdiction is proper if it is "consistent with [California's] long-arm statute and if it comports with due process of law." *Boschetto v. Hansing*, 539 F.3d 1011, 1020–21 (9th Cir. 2008). Under California's long-arm statute, a federal court may exercise personal jurisdiction over a defendant to the extent permitted by the Due Process Clause of the Constitution. Cal. Code Civ. Proc. § 410.10; *Panavision v. Toeppen*, 141 F.3d 1316, 1320 (9th Cir. 1998). "For a court to exercise personal jurisdiction over a nonresident defendant, that defendant must have at least 'minimum contacts' with the relevant forum such that the exercise of jurisdiction 'does not offend traditional notions of fair play and substantial justice.' " *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 801 (9th Cir. 2004) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). Minimum contacts may be established through a showing of either general or specific jurisdiction. *Schwarzenegger*, 374 F.3d at 801.

Specific jurisdiction is justified by the "nature and quality of the defendant's contacts in relation to the cause of action." *Data Disc, Inc. v. Sys. Tech. Assocs., Inc.*, 557 F.2d 1280, 1287 (9th Cir. 1977). In determining whether specific jurisdiction exists, courts apply a three-part test:

> (1) The nonresident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purpose fully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or results from the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Schwarzenegger*, 374 F.3d at 802 (citation omitted). The plaintiff bears the burden of making a

prima facie showing by establishing the first two elements of the test, at which point the burden shifts to the defendant to "present a compelling case" that the exercise of jurisdiction would not be reasonable. *Schwarzenegger*, 374 F.3d at 802 (quoting *Burger King v. Rudzewicz*, 471 U.S. 462, 477 (1985)). "If any of the three requirements is not satisfied, jurisdiction in the forum would deprive the defendant of due process of law." *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1155 (9th Cir. 2006) (internal citations and quotation marks omitted).

The first element of the three-part test ensures "that a defendant will not be hailed into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts, or of the unilateral activity of another party or third person." *Roth v. Garcia Marquez*, 942 F.2d 617, 621 (9th Cir.1991) (quoting *Burger King*, 471 U.S. at 475) (internal quotation marks omitted). While courts often use the term "purposeful availment" to describe this requirement, "purposeful availment" and "purposeful direction" are two distinct standards with unique requirements. *Schwarzenegger*, 374 F.3d at 802. Courts generally apply a purposeful availment analysis in "suits sounding in contract," and a purposeful direction analysis in "suits sounding in tort." *Id*.

The original complaint did not allege facts to support that this court has personal jurisdiction over the Bushnells regarding conduct occurring solely in Nicaragua. Screening Order at 4. Specifically, Mr. Wescott did not plead facts showing any contacts between the Bushnells and California, let alone sufficient minimum contacts such that the exercise of personal jurisdiction over the Bushnells would be consistent with due process. *Id*. at 5.

The amended complaint alleges that specific personal jurisdiction exists over the Bushnells in California because they (1) caused the lien against Seaside Mariana Spa and Golf to be published in California, FAC, ¶¶ 7, 24, and (2) refused to withdraw the judgment and lien, despite their knowledge that the pendency of the judgment and lien against the Seaside Mariana property was causing economic harm to Mr. Wescott's San Francisco-based business and his California business relationships, FAC, ¶¶ 12, 20, 25. Mr. Wescott's allegations appear to invoke the purposeful direction test, because Mr. Wescott points to actions that the Bushnells directed toward California. However, as noted above, the purposeful direction test generally is reserved for intentional torts. *See Holland Am. Line Inc. v. Wartsila N. Am., Inc.*, 485 F.3d 450, 460 (9th Cir.

7

2007) ("[I]t is well established that the [purposeful direction] test applies only to intentional torts, not to . . . breach of contract and negligence claims"). In cases such as this one that involve both intentional tort and contract claims, courts in the Ninth Circuit generally ask whether the case sounds primarily in contract law or tort law in deciding whether to apply a purposeful direction or a purposeful availment analysis. *See Schwarzenegger*, 374 F.3d at 802 (stating that courts ask whether the plaintiff's suit "sound[s] in" tort or contract in determining which analysis to apply).

The court finds that Mr. Wescott's action sounds primarily in contract. The Bushnells' alleged breach of the contract with third-party Seaside Mariana Spa and Golf Resort forms the factual basis for all of Mr. Wescott's claims, including his tort claims for interference with economic and business relations. The amended complaint alleges that the Bushnells breached the 2006 and 2007 Agreements by failing to arbitrate their dispute with Seaside Mariana Spa and Golf Resort, which resulted in a judgment and lien against the Seaside Mariana property. As a result of the allegedly wrongful judgment and lien, Mr. Wescott asserts that he is unable to close the purchase of Seaside Mariana. FAC, ¶¶ 27-31. Mr. Wescott's claims for tortious economic and business interference are premised on the Bushnells' alleged breach of the 2006 and 2007 Agreements. The amended complaint asserts that the Bushnells interfered with Mr. Wescott's ability to close the purchase of Seaside Mariana by refusing to remedy their breaches of the 2006 and 2007 Agreement — that is, by refusing to vacate the judgment and withdraw the lien which they obtained when they litigated their dispute against Seaside Mariana, instead of arbitrating it. FAC, ¶¶ 33-36.

Because Mr. Wescott's complaint sounds primarily in contract, the court will conduct a purposeful availment analysis of the first element of the specific jurisdiction test. The Ninth Circuit has explained that "[a] showing that a defendant purposefully availed himself [or herself] of the privilege of doing business in a forum state typically consists of evidence of the defendant's actions in the forum, such as executing or performing a contract there." *Schwarzenegger*, 374 F.3d at 802. "By taking such actions, a defendant 'purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.'" *Schwarzenegger*, 374 F.3d at 802. (quoting *Hanson v. Denckla*, 357 U.S. 235, 253

8

1   (1958)). "In return for these 'benefits and protections,' a defendant must—as a quid pro quo—

2   'submit to the burdens of litigation in that forum.'" *Schwarzenegger*, 374 F.3d at 802 (quoting

3   *Burger King*, 471 U.S. at 476).

4   Here, the amended complaint does not allege facts demonstrating that the Bushnells

5   purposefully availed themselves of the privilege of doing business in California. For example,

6   there are no allegations that the 2006 and 2007 Agreements were negotiated, executed, or

7   performed in California. In fact, the amended complaint strongly suggests that these agreements

8   were negotiated, executed, and performed in Nicaragua. *See, e.g.*, FAC, ¶¶ 13, 16-17.

9   Additionally, Mr. Wescott does not allege that the Bushnells have conducted any activity or

10  business in California. The Bushnells' only connection with California is that they caused the lien

11  to be published in California, and knew or acknowledged that the lien was causing harm to Mr.

12  Wescott's California-based business. FAC, ¶¶ 24-25. Such contacts with California are

13  tangential, and do not support that the Bushnells purposefully availed themselves of the benefits

14  and protections of California law.[4] Therefore, the amended complaint does not support that this

15  court has personal jurisdiction over the Bushnells.

16  Moreover, given the nature of the lawsuit as well as the facts pleaded in the original

17  complaint and the amended complaint, the court finds that further amendment would be futile.

18  Mr. Wescott is suing nonresident defendants for breach of agreements relating to property in

19  Nicaragua. There are no facts demonstrating that the Bushnells, who are Nicaraguan residents,

20  have the requisite minimum contacts with California such that the exercise of personal jurisdiction

21  over them would be consistent with due process. Their alleged connections to California are

22  attenuated at best. Mr. Wescott has already been given an opportunity to address these

23  deficiencies, but has not identified sufficient facts to support personal jurisdiction. It is highly

24  doubtful that such facts exist. Therefore, the court recommends that the district court dismiss this

25  action for lack of personal jurisdiction without leave to amend.

---

[4] The court does not reach the remaining two elements of the specific jurisdiction test. *See Boschetto v. Hansing*, 539 F.3d 1011, 1016 (9th Cir. 2008) ("[I]f the plaintiff fails at the first step [of the specific jurisdiction analysis], the jurisdictional inquiry ends and the case must be dismissed.") (citing *Pebble Beach Co.*, 453 F.3d at 1155).

9

**D.     Venue**

In the original complaint, Mr. Wescott asserted that venue was proper in the Northern District of California because it was the "agreed-upon" forum in Mr. Wescott's signed purchase agreement for Seaside Mariana. Compl., ¶ 7. The court found that this assertion did not establish proper venue. The Bushnells are not parties to the purchase agreement; accordingly, Mr. Wescott cannot enforce that agreement, including any forum clause, against them. Furthermore, Mr. Wescott did not attach a copy of the signed purchase agreement for Seaside Mariana, so the court had no way of verifying his representation about the venue provision. The court also observed that nothing in the complaint suggests that venue is proper in the Northern District of California. Screening Order at 5-6.

Mr. Wescott alleges a new theory of venue in the amended complaint. He asserts that venue is proper in the Northern District of California because it is the "focus" of his business activities which were "knowingly and purposefully" damaged by the Bushnells when they published the lien in California and then refused to withdraw or correct the lien, despite their knowledge of the harm caused to Mr. Wescott's California-based business. FAC, ¶ 7.

A civil action may be brought in a judicial district where: 1) any defendant resides, if all defendants are residents of the state in which the district is located; 2) a substantial part of the events or omissions giving rise to the claim occurred; or 3) if there is no district in which an action may otherwise be brought, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action. 28 U.S.C. § 1391(b).

The amended complaint does not allege any facts to support venue in the Northern District of California. Neither of the Bushnells resides in California; in fact, the amended complaint alleges that they reside in Nicaragua. FAC, ¶¶ 2. Additionally, a "substantial part of the events" giving rise to Mr. Wescott's complaint occurred in Nicaragua. FAC, ¶¶ 8, 13-18. Finally, Mr. Wescott's allegations do not support personal jurisdiction over the Bushnells. As discussed above with respect to personal jurisdiction, it is highly doubtful that a further opportunity to amend would establish proper venue in the Northern District of California. Therefore, the court also finds that further amendment to support venue would be futile.

## III. CONCLUSION

The Clerk is directed to reassign this case to a district judge.

For the reasons above, the court recommends that Mr. Wescott's action be dismissed for lack of subject matter jurisdiction, personal jurisdiction, and improper venue. The court does not recommend that Mr. Wescott be given further leave to amend to address deficiencies in personal jurisdiction and venue, because attempts to make these amendments would be futile. The court does not reach the issue of whether Mr. Wescott's action should be dismissed for failure to state a claim.

Any party may file objections to this report and recommendation with the district judge within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(a); N.D. Cal. Civ. L.R. 72-2.

**IT IS SO ORDERED.**

Dated: April 25, 2018



Donna M. Ryu
United States Magistrate Judge

11